# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                               CRIMINAL ACTION NO. 5:03-cr-00150-2
                                  CRIMINAL ACTION NO. 5:10-cr-00040-1

TIFFANY NEWMAN,

          Defendant.

## REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER

On the 29th day of April 2010, came the Defendant, Tiffany Newman, in person and by counsel, Edward H. Weis, AFPD, and also came the United States by Miller A. Bushong III, AUSA, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. United States Probation Officer Amy Berry-Richmond was also present at the hearing.

In connection with Criminal Action 5:03-cr-00150-02, the Defendant was sentenced on January 28, 2004, to a term of 5 years probation. The term of probation was revoked on May 26, 2005, at which time the Defendant was sentenced to a term of imprisonment of 10 months to be followed by a 36-month term of supervised release. The term of supervised release was revoked on October 23, 2006, at which time the Defendant was sentenced to a term of imprisonment of 12 months to be followed by a 24-month term of supervised release.

In connection with Criminal Action 5:10-cr-00040-01, the Defendant was sentenced on November 2, 2007, to a term of 24 months incarceration to be followed by a 24-month term of supervised release.

The Defendant began serving the term of supervised release on September 15, 2009. On March 23, 2010, the *Petition for Warrant or Summons for Offender Under Supervision* [Docket 175 in 5:03-cr-001150-2; Docket 3 in 5:10-cr-00040-1] was filed charging the Defendant with violating certain conditions of supervised release.

At the April 29, 2010 hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition*, specifically:

1) <u>Violation of Standard Condition: The Defendant shall not illegally possess a controlled substance. The Defendant shall refrain from any unlawful use of a controlled substance</u>: The Defendant submitted a urine specimen which tested positive for cocaine on December 15, 2009;

2) <u>Violation of Standard Condition 2: The Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month</u>: The Defendant submitted false information in "Part B: Employment" on her written monthly report dated March 10, 2010;

3) <u>Violation of Standard Condition Number 5: The Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for school, training, or other acceptable reasons</u>: The Defendant was terminated from her employment with the Shell Station on Eisenhower Drive, Beckley, West Virginia, on February 27, 2010;

4) <u>Violation of Standard Condition Number 6: The Defendant shall notify the probation officer at least ten days prior to any change in residence or employment</u>:

> In connection with Violation Number 3 above, the Defendant failed to inform her probation officer of her termination from employment; and

5) <u>Violation of Standard Condition Number 7: The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician</u>: The Defendant submitted a urine specimen which tested positive for cocaine on December 15, 2009. Additionally, the Defendant submitted an invalid urine specimen on January 21, 2010.

In making these findings, the Court relied upon the information contained in the *Petition* and the Defendant's admission that she committed the violations as contained therein.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and, for the reasons more fully stated on the record, entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **12 MONTHS**. Upon release from prison, the Defendant shall be placed on supervised release for a term of **12 MONTHS**. Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. In addition, the Defendant shall comply with the following **SPECIAL CONDITION OF SUPERVISED**

**RELEASE**: The Defendant shall serve the first 8 months of her supervised release at the Transitions Program where she is to receive substance and sexual abuse treatment and counseling.

The Defendant was remanded to the custody of the United States Marshal.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   May 4, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA